**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 15-4793**

---

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

MICHAEL EARL JORDAN,

                Defendant – Appellant.

---

**No. 15-4797**

---

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

MICHAEL EARL JORDAN,

                Defendant – Appellant.

---

Appeals from the United States District Court for the Eastern District of North Carolina, at Greenville and Raleigh. Malcolm J. Howard, Senior District Judge. (4:15-cr-00039-H-1; 5:10-cr-00013-H-1)

---

Submitted: October 18, 2016     Decided: October 20, 2016

---

Before WILKINSON, KING, and FLOYD, Circuit Judges.

———————

Dismissed No. 15-4793, affirmed No. 15-4797 by unpublished per curiam opinion.

———————

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. John Stuart Bruce, Acting United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Earl Jordan pled guilty, pursuant to a plea agreement, to distributing a quantity of cocaine within 1000 feet of a community college, in violation of 21 U.S.C. § 860 (2012). The district court sentenced Jordan to 36 months' imprisonment, within his advisory Sentencing Guidelines range. Based on this new criminal conduct, the court revoked Jordan's term of supervised release for a prior felony drug conviction and sentenced him to a consecutive term of 24 months' imprisonment. Jordan appealed both sentences, and we consolidated the appeals.

I.

In No. 15-4793, Jordan argues that the district court plainly erred in calculating his criminal history category for the § 860 conviction. The Government seeks to enforce the appeal waiver in Jordan's plea agreement, by which Jordan specifically waived his right to appeal a within-Guidelines sentence, including any issues related to the establishment of the Guidelines range.

"We review the validity of an appeal waiver de novo, and will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013) (internal quotation marks omitted). "The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal." United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). To

3

determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances . . . , including the background, experience, and conduct of the accused." Id. (internal quotation marks omitted). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the [plea] colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Copeland, 707 F.3d at 528 (internal quotation marks omitted).

The language of the appeal waiver in Jordan's plea agreement is clear and unambiguous, and our review of the record reveals that Jordan understood the full significance of the waiver. We conclude that the appeal waiver is valid and enforceable and that Jordan's challenge to the court's calculation of his criminal history category falls squarely within the scope of the waiver. Accordingly, we dismiss Jordan's appeal of his 36-month sentence.

## II.

In No. 15-4797, Jordan challenges the substantive reasonableness of his 24-month, consecutive revocation sentence. "A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." Id. (internal quotation marks omitted). "In making

4

this determination, we first consider whether the sentence imposed is procedurally or substantively unreasonable." Id. Only when the sentence is unreasonable will we determine "whether it is plainly so." Id. (internal quotation marks omitted). A revocation sentence is substantively reasonable if the district court states a proper basis for concluding that the defendant should receive the sentence imposed. United States v. Crudup, 461 F.3d 433, 440 (4th Cir. 2006).

We conclude that Jordan's revocation sentence is not substantively unreasonable. In choosing the revocation sentence, the district court considered that Jordan is a drug addict but also considered, among other aggravating factors, that Jordan breached the court's trust when he started selling drugs shortly after serving his below-Guidelines sentence for another felony drug offense. Breach of trust is a proper basis for the court to impose sentence upon revocation of supervised release. See id. at 437-38. Accordingly, we affirm Jordan's 24-month revocation sentence.

### III.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

No. 15-4793 – DISMISSED
No. 15-4797 – AFFIRMED

5